## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. **BRYAN CUBIT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **CIV-14-** 672-R |
| | ) | |
| 1. **MATHIS BROS. OKLAHOMA** | ) | |
| **CITY, LLC., f/k/a MATHIS** | ) | |
| **BROTHERS FURNITURE** | ) | |
| **COMPANY, INC., and** | ) | |
| 2. **SHAD RILEY, individually as** | ) | |
| **Operations Manager,** | ) | |
| | ) | **ATTORNEY LIEN CLAIMED** |
| **Defendants.** | ) | **JURY TRIAL DEMANDED** |

### COMPLAINT

**COMES NOW** the Plaintiff, Bryan Cubit, and for his Complaint in the above-entitled action, alleges and states as follows:

### PARTIES

1.     Plaintiff, Bryan Cubit, is an adult male resident of Oklahoma County, Oklahoma.

2.     Defendants are:

a.     Mathis Bros. Oklahoma City, LLC, formerly known as Mathis Brothers Furniture Company, Inc. (Hreinafter "Mathis Brothers"), an entity doing business in Oklahoma County, Oklahoma, and

b.     Shad Riley, an individual employed at all relevant times hereto as Operations Manager for Mathis Brothers in Oklahoma County, Oklahoma.

1

## JURISDICTION AND VENUE

3.     This is a cause of action arising out of Plaintiff's former employment with Defendant Mathis Brothers and is based on claims of: (a) violations of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 in the form of race discrimination, the creation of a racially hostile work environment, and retaliation; (b) unlawful interference with a contractual relationship in violation of state law; and (c) negligent training, supervision and retention in violation of state law.

4.     This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331.  This Court has supplemental jurisdiction over Plaintiff's corresponding state law claims as they arise out of the same core of operative facts as the federal claims, and jurisdiction over them is vested in this Court under 28 U.S.C. § 1367(a).

5.     All of the actions complained of herein occurred in Oklahoma County, Oklahoma.  Defendants are doing business in such county and may be served in said county. Oklahoma County is located in the Western District of Oklahoma.  Wherefore, venue is proper in this Court under 28 U.S.C. § 1391(b).

6.     Plaintiff has exhausted his administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about December 13, 2013.  Plaintiff received his Dismissal and Notice of Rights letter from the EEOC dated April 25, 2014 (received by Plaintiff by mail thereafter), and has timely filed this action within ninety (90) days of receipt of the notice of right to sue.

2

## STATEMENT OF FACTS

7.      Plaintiff, a Black male, began his employment with Defendant Mathis Brothers in or about February 2007 as a Delivery Cage worker.  In or around November 2009, Plaintiff was promoted to the position of Delivery Manager.  In or around September 2010, Plaintiff was promoted to the position of Department Manager Quality Assurance.

8.      In or around September 2011, Plaintiff was promoted to the position of Warehouse/Delivery Department Manager.  Defendant Riley was not involved in Plaintiff's promotions.

9.      In or around late 2011/early 2012, Plaintiff's supervisor became Operations Manager, Shad Riley.  Defendant Riley, who is White, treated Black employees less favorably than similarly situated White employees.  Defendant Riley also made racially offensive comments and jokes in the workplace (including but not limited to mocking minority employees' accents), creating a racially hostile work environment for Plaintiff and others.

10.      On or about July 25, 2013, Plaintiff received a call from one of his subordinates, Andrew (last name unknown), who is White, about an issue with another employee in Plaintiff's department, Josh King, who is White.  Plaintiff, who was not scheduled to be at work until later that day, went into work early to address the situation.

11.      Upon Plaintiff's arrival at work, Andrew showed Plaintiff a video that he had taken on his cell phone.  The video appeared to be of Andrew's co-worker, Mr. King, in a

bathroom stall snorting a white substance off the toilet seat.  After viewing the video, Plaintiff directed Andrew to show the video to Defendant Riley, as Plaintiff was not yet scheduled to work and was not on the clock. Andrew showed the video to Defendant Riley as directed by Plaintiff.

12.     In the meantime, Plaintiff questioned Mr. King about his actions and the video. Mr. King stated that he was taking prescription medication that had been prescribed to him by his doctor.  Mr. King then underwent a drug testing procedure to verify that he was not using illegal substances.  The drug test came back negative for the alleged offense.

13.     Several days later, on or about August 1, 2013, Plaintiff was called into Defendant Riley's office and told he was being terminated allegedly for "putting the company at risk." Riley gave Plaintiff no further explanation and refused to shake Plaintiff's hand.  However, the reason stated was merely pretext.

14.     In fact, on several occasions, Plaintiff witnessed Andrew making racially offensive comments in the workplace.  Andrew would often tell racially offensive jokes about Blacks or Hispanics.  Plaintiff reported these offenses to Defendant Riley, but no remedial action was taken.  And, after Plaintiff was terminated, Andrew was promoted to Plaintiff's position.

15.     Following his termination, Plaintiff was hired to work on the delivery trucks of two (2) independent contractors, Richard Gingling and Travis Henry, who contract with Defendant Mathis Brothers to deliver items customers have purchased.  When Defendant

4

Riley discovered this, Mr. Gingling and Mr. Henry were approached and threatened by Defendant Riley and told that they must terminate Plaintiff or Defendant Riley would terminate the delivery contract agreements with Mr. Gingling and Mr. Henry. This was so despite the fact that other White employees who had been terminated from Defendant Mathis Brothers were allowed to work on independent delivery trucks. Defendant Riley also made disparaging comments about Plaintiff to the drivers, stating that Plaintiff could "manipulate the system."

16.     Other Black individuals employed or previously employed by Defendant Mathis Brothers who have been treated less favorably than their White co-workers.

17.     In fact, Plaintiff was threatened by management, specifically Managers Carl Dowdy and Tim Clark, both White, in relation to his potential involvement and testimony in one such former race discrimination lawsuit.

18.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered the injuries described hereafter.

## COUNT I - Title VII Violations

For his first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

19.     This count goes against Defendant Mathis Brothers.

20.     The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964 in the nature of race discrimination, the creation of a racially hostile work

environment, and retaliation.

21.     Plaintiff is entitled to relief under Title VII because he is Black, was qualified for his job, was disciplined and terminated, and his position was not eliminated after his termination.   Moreover, he complained about the unfair treatment he received and was thereafter retaliated against.

22.     As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

23.     Because the actions of the Defendant Mathis Brothers were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

### COUNT II - 42 U.S.C. § 1981 Violations

For his second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

24.     This Count goes against both Defendants.

25.     The matters alleged above constitute violations of 42 U.S.C. § 1981 in the nature of race discrimination, the creation of a racially hostile work environment, and retaliation.

26.     As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and non-pecuniary losses.

27.     Because the actions of the Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

### COUNT III - Unlawful Interference with Contractual Relationships

For his third cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

28.     This Count goes against both Defendants.

29.     The acts above-described constitute unlawful interference with contractual relationships.  Defendants' actions were malicious and caused an actual harm to Plaintiff's employment/contractual relationship with Gingling and Henry.  Defendants had no justification, excuse, or privilege for such interference.

30.     As damages, Plaintiff has suffered lost earnings, past and future, and other compensatory damages.

31.     Because Defendants' actions were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

### COUNT IV -  Negligent Supervision, Training and Retention

For his fourth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

32.     This Count goes against Mathis Brothers.

33.     The acts of Defendant, as described above, constitute the tort of negligent

supervision, training and retention.

34.    Defendant Mathis Brothers had a duty to properly supervise and train its employees to refrain from engaging in unlawful retaliation.

35.    Defendant Mathis Brothers breached its duty.

36.    At the critical time of the tortious incidents described herein, Defendant Mathis Brothers knew or should have known its employees, including, but not limited to Riley, would create an undue risk of harm to others.

37.    As a direct and proximate cause of Defendant Mathis Brother's negligence, Plaintiff was harmed.

38.    As damages, Plaintiff is entitled to all damages allowed by state law.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff prays that this Court enter judgment in favor of the Plaintiff and against the Defendants and assess actual, compensatory, punitive damages, together with pre- and post-judgment interest, costs, attorney's fees and such other relief as this Court may deem equitable and appropriate.

**RESPECTFULLY SUBMITTED THIS 26th DAY OF JUNE, 2014.**

s/Jana B. Leonard
JANA B. LEONARD, OBA# 17844
EMILY VAN VOLKINBURG, OBA # 31744
LEONARD & ASSOCIATES, P.L.L.C.
8265 S. WALKER
OKLAHOMA CITY, OK 73139
(405) 239-3800      (telephone)
(405) 239-3801      (facsimile)
leonardjb@leonardlaw.net
emilyv@leonardlaw.net

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED